IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:18-cv-02759-LTB

JAZMINE INGLE,

 Plaintiff,
v.

IEROS, LLC d/b/a LIFE FLOWER DISPENSARY f/k/a
MEDICINE MAN MEDICAL MARKET,

 Defendant.

---

ORDER

---

 Before me is Defendant's Motion to Dismiss. ECF No. 8. Plaintiff asserted two claims for relief: wrongful termination based on sex and quid pro quo sexual harassment, both in violation of Title VII. Compl., ECF No. 2 at 5–6. Defendant argues that both claims should be dismissed. After consideration of the parties' arguments, I DENY the Motion for the reasons set forth below.

## I. BACKGROUND

 Defendant employed Plaintiff as an assistant manager. ECF No. 2 at ¶¶ 8 & 9. Neil Bigelow was Defendant's general manager and Plaintiff's direct supervisor. *Id.* at ¶ 10. In August 2015, Bigelow invited Plaintiff to a "pool day," which Plaintiff considered to be an invitation for a romantic date. *Id.* at ¶ 13. Plaintiff refused the invitation. *Id.* at ¶ 14. In September 2015, Defendant hired Justin Seymour, who

1

dated Plaintiff at the time. *Id.* at ¶¶ 15 & 16. The relationship was initially unknown to Bigelow. *Id.* at ¶¶ 17 & 21.

On February 15, 2016, Bigelow sent a text message to Plaintiff that read "I truly appreciate how reliable you have been and how hard you work, holding down the shop all night every night! I apologize for not being 100% on top of my game lately!" *Id.* at ¶ 18. Concurrent to the text, Bigelow gave Plaintiff a bonus accompanied by a message on her paystub that read "Please keep up the hard work." *Id.* at ¶ 19.

Later in February, Bigelow discovered that Plaintiff and Seymour were dating. *Id.* at ¶ 21. On February 22, Bigelow suspended Seymour and terminated him a week after. *Id.* at ¶ 22. The same day Bigelow terminated Seymour, Bigelow asked Plaintiff if she wanted to go out for drinks after work. *Id.* at ¶ 24. Plaintiff took this as an invitation for a romantic date and declined the offer. *Id.* at ¶ 24 & 26. Around the same time, Bigelow again expressed his confidence in Plaintiff's work ability. *Id.* at ¶ 23.

On March 4, Bigelow suspended Plaintiff after she told Bigelow "to stop discussing her relationship with Seymour with other employees" and told Bigelow that "[y]ou're my manager, not my friend." *Id.* at ¶ 27. On March 8, Bigelow terminated Plaintiff's employment. *Id.* at ¶ 28. When Plaintiff received her final paycheck a few days later, the paycheck was accompanied by three records of disciplinary action describing events that took place on February 15, March 1, and March 4. *Id.* at ¶¶ 29 & 32. Two of these records included "[a]greed-upon

2

improvement plans," but Plaintiff "never agreed upon any improvement plan because she [did not] find out about the plans or the records of discipline until after she was fired." *Id.* at ¶¶ 30 & 31.

## II. LAW

To avoid dismissal under Rule 12(b)(6), "a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A court may not dismiss a complaint merely because it appears unlikely or improbable that a plaintiff can prove the facts alleged or ultimately prevail on the merits. *Twombly*, 550 U.S. at 556. Instead, a court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.*

Conclusory statements and legal conclusions are not accepted as true; mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice. *Khalik*, 671 F.3d at 1190–91 (quoting *Twombly*, 550 U.S. at 555). As such, when examining a complaint under Rule 12(b)(6), I disregard

3

conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable. *Id.* at 1191.

III. ANALYSIS

Plaintiff stated two claims for relief: "Wrongful Termination Based on Sex in Violation of Title VII" and "*Quid Pro Quo* Sexual Harassment in Violation of Title VII." *Id.* at 5–6. Defendant argues that both claims should be dismissed. ECF No. 8. I first discuss the exhaustion of administrative remedies.

A. **Plaintiff Exhausted Her Administrative Remedies.**

Initially, Defendant argues that both of Plaintiff's claims should be dismissed because she failed to properly allege, as a jurisdictional prerequisite, that she exhausted her administrative remedies. *Id.* at 4–5. Defendant claims that Plaintiff did not reference in her Complaint the filing of a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"), nor did she confirm that she received a corresponding right-to-sue letter. *Id.* Alternatively, Defendant argues that Plaintiff's Charge to the EEOC did not "assert a claim for gender discrimination or articulate any facts that could be construed to support a claim that she was discriminated against or in any way treated less favorably because she is female." *Id.* at 6.

Plaintiff responds that the Court should not consider the Charge without converting the Motion into a motion for summary judgment. Pl.'s Resp., ECF No. 12

at 3. Then, Plaintiff contends that the Charge "adequately put the EEOC on notice of [Plaintiff's] claim of wrongful termination based on sex." *Id.*

In its Reply, Defendant clarifies that its argument that Plaintiff failed to exhaust her administrative remedies should be considered as an affirmative defense. ECF No. 16 at 3. Then, it asks that I take judicial notice of the EEOC Charge without converting the Motion into a motion for summary judgment. ECF No. 16 at 4. Then, it argues that Plaintiff insufficiently asserted its claim of wrongful discharge based on gender discrimination because "the entire focus of her Charge was her allegations of 'quid pro quo sexual harassment.'" *Id.* at 4–5.

    i.    *Administrative Exhaustion Is Not a Jurisdictional Prerequisite.*

The parties agree that the Tenth Circuit now holds that a "plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). The Supreme Court recently confirmed this proposition. *Fort Bend Cty., Texas v. Davis*, No. 18-525, 2019 WL 2331306, at *6 (U.S. June 3, 2019) ("Title VII's charge-filing requirement is not of jurisdictional cast.").

However, in most cases the distinction between a jurisdictional requirement and an affirmative defense is immaterial. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018). The distinction arises when a defendant arguably waives or forfeits the argument, which is not at issue in this case. *Id.* (quoting *McQueen ex rel. McQueen v. Colo. Springs Sch. Dist. No. 11*, 488 F.3d 868, 873

5

(10th Cir. 2007)). Thus, I consider the effect of moving to dismiss based on an affirmative defense.

    ii.    *Claims May Be Dismissed on the Pleadings Based on an Affirmative Defense.*

A district court may properly dismiss a claim on the pleadings based on an affirmative defense, "but only when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing cases). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Id.* (quoting *Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)).

"A plaintiff need not anticipate in the complaint an affirmative defense that may be raised by the defendant; it is the defendant's burden to plead an affirmative defense." *Id.*; *see also Tronsgard v. FBL Fin. Grp., Inc.*, 312 F. Supp. 3d 982, 1006 (D. Kan. 2018) (holding that if the face of a plaintiff's complaint contains no information about the failure to exhaust administrative remedies, the court cannot grant a motion to dismiss for that reason).

    iii.    *The Court Takes Notice of the EEOC Charging Document.*

Generally, if a party presents matters outside the pleading on a motion under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d); *Tal v. Hogan*, 453

F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment and afford the parties notice and an opportunity to present relevant evidence.").

However, there are circumstances where information not included in a complaint may be considered in a motion to dismiss without converting the motion into a motion for summary judgment. One such way is through judicial notice, which allows the court to take notice of its own files and records, as well as facts which are a matter of public record. *Tal v. Hogan*, 453 F.3d at 1264, n.24 (citing cases). Information of which I take judicial notice is considered for its content, but not to prove the truth of the matter it asserts. *Id.*

Federal Rule of Evidence 201 reads that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(b)(2). Defendant has requested it and supplied the Charge. ECF No. 16 at 3; ECF No. 8-1. Plaintiff does not dispute its authenticity.

Other courts have taken judicial notice of EEOC charging documents. *E.g. Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) ("In employment discrimination cases, courts often take judicial notice of EEOC charges

7

and EEOC decisions.") (collecting cases); *Romens v. City of Colorado Springs*, No. 13-CV-01441-RM-KLM, 2015 WL 4607659, at *4 (D. Colo. Aug. 3, 2015) (unpublished); *Martinez v. City & Cty. of Denver*, No. 08-CV-01503-PAB-MJW, 2010 WL 1380529, at *1 (D. Colo. Mar. 31, 2010) (collecting cases) (unpublished).

As such, I take judicial notice of Plaintiff's EEOC Charge, ECF No. 8-1. In supplemental briefing, Plaintiff argues that if I choose to take notice of the Charge that I also take notice of the entire EEOC file, which she attached as an exhibit. Pl.'s Suppl. Br., ECF No. 20 at 4. The exhibit is 148 pages, but Plaintiff cites to only two pages to show that "the EEOC's investigation into the charge included examining the circumstances surrounding [her] termination . . . ." *Id.* But my inquiry goes only to what is alleged in the Charge, not a resulting investigation. *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018) (while the court liberally construes allegations in an EEOC charging document, "the charge must contain facts concerning the discriminatory . . . actions underlying each claim." (quoting *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (emphasis in original))).

After reviewing Plaintiff's exhibit, I take notice of the "Notice of Charge of Discrimination," which Defendant did not include in their filing. ECF No. 20-1 at 54. I now consider whether Plaintiff's EEOC Charge contained sufficient facts concerning gender discrimination.

### iv. *Defendant Was on Notice of Gender Discrimination in Plaintiff's EEOC Charge.*

The requirement that a court only consider claims that were part of an EEOC charge "is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004) (quoting *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)).

In the Charge, Plaintiff alleged that she was regularly subjected to "sexual advances and a hostile work environment on the basis of her sex." ECF No. 8-1 at 2. "An individual can make a claim of sex discrimination based on a hostile work environment, but in order to do so, a plaintiff must show (1) that she was discriminated against because of her sex; and (2) that the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of her employment and created an abusive working environment." *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (internal citations and quotations omitted) (citing cases).

On describing the alleged discrimination, the Charge read that Plaintiff was discriminated against on the basis of sex by Bigelow; that Bigelow would regularly subject Plaintiff to sexual advances; and that he would corner her in areas he knew there were no video cameras. ECF No. 8-1 at 2. Further, it read that during her employment, Plaintiff dated a coworker, that Bigelow discovered this and fired the coworker, then asked Plaintiff on a date which she refused. *Id.* Additionally, in the

9

Notice of Charge of Discrimination, the box labeled "sex" is checked to describe the circumstance of alleged discrimination and the issues listed are constructive discharge and sexual harassment. ECF No. 20-1 at 54.

Defendant argues that Plaintiff did not assert in her Charge "a claim for gender discrimination or articulate any facts that could be construed to support a claim that she discriminated against or in any way treated less favorably because she is female." ECF No. 8 at 6. Plaintiff responds that in her Charge, she alleged that the discrimination against her was based on sex and that "after she refused her supervisor[']s sexual advances, he suspended her then terminated her employment." ECF No. 12 at 3.

I conclude that the Charge sufficiently described the alleged discrimination. Here, the Charge reads that Plaintiff was subjected to discrimination on the basis of her sex. ECF No. 8-1 at 2. This alone is conclusory, but the next sentence reads that "Bigelow would regularly subject Ms. Ingle to sexual advances." *Id.*; *Jones v. Needham*, 856 F.3d 1284, 1291 (10th Cir. 2017) ("A charge need only 'describe generally' the alleged discrimination, 29 C.F.R. § 1601.12(b), in order to 'give notice of an alleged violation to the charged party.'" (citing *Woodman v. Runyon*, 132 F.3d 1330, 1342 (10th Cir. 1997))).

Further, Plaintiff checked the box indicating that she was pursuing a sex discrimination claim. ECF No. 20-1 at 54; *cf. Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (the presumption that a claimant's failure to mark a box representing a claim would preclude the assertion of that claim is rebutted if the

text of the charge clearly sets forth the basis of the claim). In context, this gave notice to Defendant of the nature of the alleged violation. As such, Defendant fails on its affirmative defense argument that Plaintiff did not exhaust her administrative remedies.

B. **Plaintiff Stated Plausible Claims.**

i. *Plaintiff Stated a Claim for Gender Discrimination.*

Next, Defendant argues that Plaintiff failed to assert a plausible gender discrimination claim based on wrongful discharge in her Complaint. ECF No. 8 at 5–6. It contends that Plaintiff only alleged a formulaic recitation of the elements. *Id.* Defendant adds that Plaintiff's wrongful discharge gender discrimination claim was duplicative of her quid pro quo sexual harassment claim. *Id.* at 6–7. It claims that since Plaintiff's quid pro quo claim is insufficiently pleaded, the wrongful discharge claim must be dismissed as well. *Id.* Plaintiff responds with a recitation of allegations in her Complaint and argues that "it is at the very least plausible" that her termination was based on her gender. ECF No. 12 at 4–6.

To prove a Title VII gender discrimination claim, Plaintiff must show that: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) (citing *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). I find that Plaintiff sufficiently stated a claim for gender discrimination.

Taking all of Plaintiff's allegations in her Complaint as true, I conclude that Plaintiff states a claim for discrimination based on sex. Bigelow invited Plaintiff to a social gathering, which Plaintiff refused. ECF No. 2 at ¶¶ 13–14. Later, the same day Bigelow suspended Seymour—who was in a relationship with Plaintiff—and then asked Plaintiff if she wanted to go out for drinks after work. *Id.* at ¶ 24. Plaintiff took this as an invitation for a romantic date and declined the offer. *Id.* at ¶ 24 & 26. About a week later, Bigelow suspended Plaintiff after she told Bigelow "to stop discussing her relationship with Seymour with other employees" and told Bigelow that "[y]ou're my manager, not my friend." *Id.* at ¶ 27. Less than a week later, Bigelow terminated Plaintiff's employment. *Id.* at ¶ 28.

Plaintiff "must produce evidence that she was the object of harassment because of her gender." *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998). "Conduct that is overtly sexual may be presumed to be because of the victim's gender . . . ." *Id.* And while Plaintiff could have been more explicit in the allegations made in her Complaint that the adverse employment action was based upon her gender, it is at least implied that a sexual advance may be based upon gender. *Cf. Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("Courts and juries have found the inference of discrimination easy to draw in most male-female sexual harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the

same sex."); 29 C.F.R. § 1604.11(a) (unwelcome sexual advances may constitute harassment).

As such, Plaintiff sufficiently alleges that (1) she is a member of a protected class (female); (2) she suffered an adverse employment action (termination); and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination (her rejection of Bigelow's alleged advances).

  ii. *Plaintiff Stated a Claim for Quid Pro Quo Sexual Harassment.*

Next, Defendant argues that Plaintiff insufficiently stated a claim for quid pro quo sexual harassment. ECF No. 8 at 7. First, Defendant argues that Bigelow's request to Plaintiff to get drinks after work was a social invitation that, as a matter of law, is insufficient to support the claim. *Id.* at 8. Then, it argues that Plaintiff did not allege that Bigelow conditioned any effect regarding Plaintiff's employment upon Plaintiff accepting the invitation. *Id.* at 9. Plaintiff responds that she plausibly made a claim that her termination was the result of her failure to submit to Bigelow's sexual advances. ECF No. 12 at 7. She argues that Bigelow asking Plaintiff to get a drink, coupled with the timing of Seymour's firing and Bigelow discussing Plaintiff's relationship, sufficiently states a claim. *Id.*

The elements of a quid pro quo sexual harassment claim are: (1) tangible job benefits that are (2) conditioned on an employee's submission to conduct of a sexual nature, which leads to (3) adverse job consequences when the employee refuses to submit to the sexual conduct. *Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017) (citing *Pinkerton v. Colorado Dep't of Transp.*, 563 F.3d 1052, 1060 (10th Cir. 2009). I conclude that Plaintiff has sufficiently stated a claim.

First, as discussed *supra*, I find that Bigelow's request to get drinks, in context, is sufficient to raise an allegation that the request was sexual in nature. Next, Plaintiff alleged that after she refused Bigelow's offer, he terminated her employment a few weeks later. ECF No. 2 at ¶¶ 24, 27, 28. She alleged in her Complaint that "[u]pon information and belief, based on subsequent events, [Bigelow] conditioned [Plaintiff's] continued employment on her agreement to go on the date." ECF No. 2 at ¶ 25. While I disregard conclusory statements, *Khalik*, 671 F.3d at 1191, Plaintiff's factual allegations sufficiently connect her termination to her denial of Bigelow's request. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's [] complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (quoting *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).

Based on the context and timeline alleged, Plaintiff alleged plausible facts that Bigelow conditioned Plaintiff's employment on accepting his request. Thus, Plaintiff sufficiently stated a claim for quid pro quo sexual harassment.

## IV. Conclusion

ACCORDINGLY, the Court ORDERS that Defendant's Motion to Dismiss, ECF No. 8, is DENIED.


Dated: June 13, 2019 Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE